LUKE H. MOSS *et al.*, Respondents, v. WILLIAM H. RICHIE, Appellant.

Kansas City Court of Appeals, May 16, 1892.

1. **Attorney and Client**: CONTRACT: GAINING SUIT. Defendant was sued in ejectment by one F. and employed plaintiffs, as attorneys, to defend, agreeing to give them a certain amount provided they gained the suit. Plaintiffs filed a general denial as an answer and directed defendant to secure an abstract, and in doing so he learned that F. had no title, but the same was in a third party from whom defendant then purchased it. F., in-vacation, and before the trial term, dismissed his suit, but whether, by reason of the deed from the third party or not, does not appear. *Held*, plaintiffs gained the suit in the sense of the contract, as their answer put plaintiff F. on his proof, which he never could have made since the title was outstanding.

2. ———: DUTY OF CLIENT TO AID. It is part of a client's duty to render whatever aid to his attorneys he reasonably can.

3. ———: CONTRACT: HARDSHIP. The fact, that plaintiffs had earned the sum contracted for without much labor or loss of time, cannot affect the legal phase of the question, and, if a hardship, defendant should have provided for such contingency in his contract.

4. **Practice, Appellate**: HARMLESS ERRORS. Errors which do not substantially or materially affect the merits of the action should not reverse the judgment.

*Appeal from the DeKalb Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*S. G. Loring,* for appellant.

(1) The rule is well settled that, if the plaintiffs recover in this case, they can only recover upon the case stated in their petition, and their instructions must correspond with the pleadings. *Benson v. Railroad,* 78 Mo. 504; *Bank v. Murdock,* 62 Mo. 70; *Moffat v.*

*Conklin*, 35 Mo. 453; *Brenhard v. Ins. Co.*, 40 Iowa, 442. (2) Webster defines gain thus: To come off winner, or victor in; to be successful in, as to gain a battle, to gain a case in law. It would be no more absurd to say that a battle was gained, when not a gun was fired or hostile act committed, than to say that an attorney had gained a case that was never tried, or any act done by him, except to file a general denial, and the case was voluntarily dismissed in vacation, before the trial term, by the plaintiff, and no final judgment rendered in the case, and there was nothing to have prevented him from commencing a second suit the next day, if he had chosen.

*L. H. Moss* and *Casteel & Haynes, pro se.*

(1) The rule in this state is: "If a material matter be not expressly averred in the pleadings, but is necessarily implied from what is expressly stated therein, the defect is cured by verdict in favor of the party so pleading, on the presumption that he has proved upon the trial the facts insufficiently averred." *Shaler v. Van Wormer*, 33 Mo. 386; *Frazer v. Roberts*, 32 Mo. 457; *Bowie v. Kansas City*, 57 Mo. 454, 460, 461, 462; *Grove v. City of Kansas*, 75 Mo. 674; R. S. 1889, sec. 2113, subdivs. 8, 9. (2) Appellant contends that to gain a suit signifies to win in court. That, although such steps were taken that prevented a recovery in a case, it was not won unless there was a fight in court, and a judgment rendered. Although in the one case, after a long legal battle, the judgment would be no bar to another action, yet in the other, as in the present instance, a good title be procured through the efforts made before trial, which would necessarily defeat the action or win the case.

ELLISON, J.—Plaintiffs are attorneys-at-law, and bring this action upon the following verbal contract as set out in the petition: That defendant being sued in ejectment by one Freeman, "he employed the plaintiffs herein jointly to defend him against said suit, and contracted, promised and agreed with the plaintiffs to pay them the sum of $300 for their services in defending said suit provided they gained the same." There was a judgment for plaintiffs and defendant appeals. Since the verdict was for plaintiffs, we will assume, with a qualification hereinafter referred to, that the contract was as above quoted. The facts following this contract were these: That plaintiffs entered upon the performance of the contract by advising defendant as to his case and by filing an answer, a general denial, in the cause. Plaintiffs advised defendant to procure from an abstracter an abstract of the title to the land from which Freeman was seeking to eject him; that defendant procured such abstract, and in that way he discovered that Freeman had no title to the land, but that the title was in some parties living in Kentucky; that he went to Kentucky and purchased the land of such owners, receiving a deed thereto; that thereupon, before trial term and in vacation, Freeman dismissed his suit, which is accepted as a final disposition of the case. The evidence fails, however, to show, affirmatively, that Freeman knew of the purchase from the Kentucky owners, or that such purchase caused him to dismiss the case. The question for decision is, did plaintiffs gain the suit in the sense of the contract? We answer that they did, though we arrive at this conclusion with some difficulty. Defendant advances the suggestion that in order to have "gained" the suit there must have been a trial; and he illustrates his position by stating that a battle is not gained when no gun is fired, nor hostile act committed. But here hostilities were begun by

plaintiffs when they filed an answer for defendant in which they denied the allegations of Freeman's cause of action, and it was not until this issue was taken that the plaintiff in that case retreated from his position. A suitor's cause may be won without a contest in court. A defense of law, or fact, may be disclosed by an answer that effectually disposes of the case on its merits of fact or law, and frequently leads to an abandonment of the cause by the plaintiff. If a contest in court is a necessary requisite to gaining a suit, where shall the line be drawn? An issue of law may be made by a demurrer which would result in defeating the plaintiff either by the judgment of the court or an abandonment by the plaintiff. In Freeman's case against defendant, these plaintiffs made an issue of fact by the answer which they filed, which was a complete protection to defendant in Freeman's case against him for the recovery of the land until overcome by proof that the plaintiff had the title. Proof he could never have made, as the title was not in him. The answer was, therefore, an insurmountable barrier to Freeman's success in that case; and this was so without reference to this defendant going to Kentucky and purchasing the true title, for that title, outstanding, would have protected him quite as effectually as a defense, as if owned by him. If these plaintiffs had themselves discovered in whom the true title to the land was, and had themselves gone to Kentucky and gotten the deed, there would, perhaps, have been no dispute as to whether the case was "gained." Defendant discovered this important fact while following the direction of these plaintiffs to get an abstract of the title. The fact that he then procured the deed cannot affect these plaintiffs. It is a part of the client's duty to render whatever aid to his attorneys he can reasonably render. When defendant made the discovery as to the title, and concluded to buy it, he

should have done as he did do, or else have communicated his knowledge to these plaintiffs and directed them to do so for him.

We will not attempt to define what would be considered as "gaining a suit," as much will depend on the peculiar nature of the contract, what was done under it and the result obtained. We only interpret this as we find it influenced by what was done and the result reached. The fact, that plaintiffs have earned the sum contracted for without much labor or loss of time, cannot affect the legal phase of the question, and it must be remembered that the sum agreed upon was conditioned upon the success of their efforts. If it is a hardship upon defendant to pay the fee agreed upon, notwithstanding no trial of the cause was had, he should have provided for such contingency in his contract.

II. The next question relates to errors alleged to have been committed at the trial. An examination of this part of the case leads us to the conclusion that errors were committed in admitting testimony and giving instructions. These errors relate to parts of the contract not set out in the petition, but which were allowed in evidence and are referred to in the instructions. And also in submitting to the jury the question of Freeman's knowledge of the procuring of the deed from Kentucky, when there was no evidence that he knew it. But these were not errors which substantially or materially affected the merits of the action, and in such case the judgment should not be reversed. R. S. 1889, sec. 2303. Defendant's recollection of the contract as detailed by him, and as submitted to the jury in his instructions, was not sustained by the jury. And the contract substantially as declared upon by plaintiffs was sustained by the verdict. The fact that there was, in addition, a stipulation as to the payment of $50 in certain events which did not transpire, cannot possibly

affect the case and could not have had anything to do with the result. The only real questions in the case were the defendant's statement of what the contract. was as embodied in his instruction, and the contract. and its interpretation as declared upon by the plaintiffs. The errors mentioned could not have influenced the conclusion reached by the jury, and, hence, we affirm the judgment. All concur.